# IN THE COURT OF APPEALS OF IOWA

No. 24-0310
Filed June 18, 2025

**GREGORY EARL JORDAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County,
Melissa Anderson-Seeber, Judge.

    Gregory Jordan appeals the district court's denial of his application for
postconviction relief. **AFFIRMED.**

    James S. Blackburn, Des Moines, for appellant.

    Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee State.

    Considered without oral argument by Schumacher, P.J., and Ahlers and
Badding, JJ.

**SCHUMACHER, Presiding Judge.**

Gregory Jordan appeals the district court's denial of his application for postconviction relief (PCR) following his 2011 convictions for possession with intent to deliver (cocaine), failure to affix a drug tax stamp, disarming a police officer, and interference with official acts. Jordan claims his trial counsel was ineffective by "fail[ing] to call a material witness requested by Jordan" and "fail[ing] to subpoena a mental health professional with sufficient time for the mental health professional to prepare and effectively testify." Because Jordan did not establish prejudice, his ineffective-assistance-of-counsel claims fail. Accordingly, we affirm.

I.      **Background Facts and Proceedings**

In the ruling affirming Jordan's convictions on direct appeal, our court set forth the facts and procedural history below:

> Gregory Jordan was charged with possession of a controlled substance (cocaine base) with intent to deliver, failure to affix a drug tax stamp, disarming a peace officer, and interference with official acts causing bodily injury. . . .
> Jordan filed a motion to suppress evidence seized from his pocket. After a hearing, the district court determined a Waterloo police officer had obtained Jordan's consent to conduct a pat-down search. During the pat-down search the officer felt a hard lump in Jordan's jacket pocket, which the officer believed was a rock of crack cocaine.
> The officer attempted to arrest Jordan for public intoxication, but Jordan fled the scene. Officers quickly apprehended Jordan and arrested him. In a search incident to arrest, the officers found a large rock of crack cocaine in Jordan's pocket. The court denied the motion to suppress.
>       . . . .
>       . . . When he was arrested Jordan had 2.07 grams of crack cocaine, $210 in cash, a cell phone, and notebooks with names and numbers of people involved in the sale and distribution of illegal drugs. Officer Matthew McGeogh testified the crack cocaine could have been broken down into about twenty dosage units, and was "a large, very, very large rock for someone to buy it to ingest." Officer McGeogh testified, "You never see anyone that's a crack user to

have this much on them." He noted Jordan did not have a crack pipe, or any other means to ingest crack cocaine, on him. Officer Adam Galbraith testified the rock of 2.07 grams of crack cocaine could have been split into between twenty to forty dosage units. He also testified the size of the rock of crack cocaine was not consistent with personal use.

*State v. Jordan*, No. 12-0212, 2014 WL 3749335, at *1, *3 (Iowa Ct. App. July 30, 2014). This court rejected Jordan's challenges to the court's suppression ruling, the court's denial of his motion to dismiss based on an alleged speedy-trial violation, and the sufficiency of the evidence supporting his convictions. *See id.* at *2–3.

Jordan filed a PCR application, raising various claims of ineffective assistance of counsel.[1] Following the PCR trial, at which only Jordan testified, the district court denied the application. Jordan appeals.

## II.    Standard of Review

"We ordinarily review PCR rulings for correction of errors at law." *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022). "However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Accordingly, "we review claims of ineffective assistance of counsel de novo." *Id.*

## III.    Discussion

Jordan raises two ineffective-assistance-of-counsel claims on appeal. First, he challenges his trial counsel's failure to call witness David Ford, Jordan's cousin, to testify at trial. According to Jordan, "[a]n issue of importance in the trial was

---

[1] Although Jordan's PCR application alleged claims under two separate criminal cases, his claims before the PCR court and on appeal relate only to this case.

whether Jordan possessed the drugs as a drug user or whether, as charged, Jordan possessed the drugs to sell or distribute them." Jordan claims he went to Ford's house and "was smoking" before his confrontation with police that led to his arrest. Jordan argued that Ford "would have testified that Jordan had been using drugs in his presence the day of his arrest and Ford would say that Jordan was a drug user and not a drug seller as the [S]tate charged." Jordan acknowledged trial counsel used another witness, Laquita Bass, to testify that she observed Jordan smoking crack cocaine that day, but Jordan believed Ford would be a more credible witness because "he was a veteran," while Bass was in prison at the time of trial.

Jordan also claims his trial counsel was ineffective by subpoenaing his mental-health counselor, Helen Kemp, one day before trial. Kemp was to provide testimony to support Jordan's diminished-responsibility defense. Jordan claims Kemp "was unprepared to testify" because she "did not have the opportunity to review her file prior to trial." Yet Jordan acknowledged Kemp "was familiar with me. She knew that I was the type of person that if I presented a story, I wouldn't be lying or anything like that, that she could contribute to that fact because she's known me." He also agreed Kemp testified "about some of the mental issues" he had.

To establish ineffective assistance of counsel, Jordan must show (1) counsel's performance fell below objectively reasonable standards and (2) if counsel had acted differently, there would have been a reasonable probability of a different outcome at trial. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "If the claim lacks prejudice, it can be decided on that ground alone without

deciding whether the attorney performed deficiently." *Ledezma*, 626 N.W.2d at 142. In other words, can Jordan prove that, had Ford testified and Kemp been subpoenaed earlier, there would be a reasonable probability of a different outcome below? *See Uranga v. State*, No. 24-0196, 2025 WL 1324125, at *3 (Iowa Ct. App. May 7, 2025).

Preliminarily, we observe Jordan does not address the prejudice prong of *Strickland* in his appellate brief. Moreover, he presented no evidence to the PCR court, aside from his own testimony, to support his claims. On this record, we could summarily reject his claims. *See Johnson v. State*, No. 24-0190, 2025 WL 855675, at *1 (Iowa Ct. App. Mar. 19, 2025). That said, assuming without deciding that his claims are properly before us, we elect to briefly consider them.

Jordan agreed his criminal defense had "two strategies": "one was that the crack cocaine was for [his] personal use, and, two, a diminished responsibility defense." Relating to the first, Jordan did not dispute that at the time of his arrest, along with 2.07 grams of cocaine, he "had notebooks with addresses and phone numbers on his person" and a cell phone, but he "didn't have any methods for injection of crack cocaine." He also agreed that "[h]aving Mr. Ford testify would have been a second individual saying kind of the same thing that Ms. Bass already had said."

Relating to the second, the PCR court found that defense counsel "did present a mental health defense for the jury to consider." The court noted, "[I]n [Kemp's] testimony, the jury was told that Jordan did suffer from mental health disorders and was eligible to be part of a specialty dual-diagnosis mental health program with the Department of Correctional Services. Kemp also testified that

Jordan had been in mental health treatment for a long time." And Jordan agreed the jury was provided an instruction on diminished responsibility.

Under these facts and circumstances, we find any alleged deficiency by counsel did not affect the outcome of trial. Accordingly, Jordan's ineffective-assistance-of-counsel claims fail. We affirm the court's denial of his PCR application.

**AFFIRMED.**